**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy D Cropper,<br>　　　　Petitioner,<br>v.<br>David Shinn, et al.,<br>　　　　Respondent. | No. CV-19-05618-PHX-GMS<br>**ORDER**<br><u>DEATH PENALTY CASE</u> |

Before the Court is Petitioner Leroy Cropper's First Motion to Extend Time to File Amended Habeas Petition. (Doc. 20.) Respondents object to the Motion. (Doc. 22.)

On November 13, 2019, Cropper filed a statement of intent to file an application for habeas corpus relief in this Court. (Doc. 1.) The Court appointed counsel. (Doc. 7.) On January 16, 2020, the Court set out a briefing schedule directing Cropper to file his habeas petition by September 25, 2020. (Doc. 14.) On that date, Cropper filed his petition along with a motion to amend the briefing schedule to allow him to file an amended petition. (Docs. 16, 17.) As grounds for his request, Cropper cited investigative obstacles posed by the COVID-19 pandemic. (Doc. 16.) Respondents did not object, and on October 29, 2020, the Court granted the motion, directing Cropper to file his amended petition no later than March 25, 2021. (Doc. 19.)

Cropper filed the pending motion on March 19, 2021. (Doc. 20.) He seeks a 90-day extension of the deadline for filing his amended petition. *Id.* As grounds for the extension, Cropper cites the March 13, 2020, decision of the Arizona Department of Corrections,

Rehabilitation, and Reentry, to suspend all in-person prison visits, including legal visits. *Id.* at 5. Cropper asserts that closure of the prison to visitation has prevented his expert witnesses from conducting in-person clinical evaluations, prevented interviews of other incarcerated witnesses, and prevented in-person contact with Cropper. (Doc. 20 at 5.) Cropper states that "during the past year, counsel has not been able to meet with Cropper and some team members have still never met Cropper" and asserts that such contact is "vital to establish the trust and rapport that is necessary to develop information about a client's case, background and experiences." *Id.*

In arguing that the extension should be denied, Respondents cite several principles that limit the development and presentation of new evidence in federal habeas proceedings, including the holding in *Cullen v. Pinholster*, 563 U.S. 170 (2011), and 28 U.S.C. § 2254(e)(2). (Doc. 22 at 3–5.) Respondents also argue that Cropper can present his new evidence in his motion for evidentiary development, or he can seek leave to amend the petition. *Id.* at 5.

While these arguments are well-taken, there is also no doubt that the absence of in-person visitation has impeded habeas counsel's investigation, in particular by preventing experts from examining Cropper. Under these circumstances, the requested delay is appropriate.

Accordingly,

**IT IS ORDERED GRANTING** Cropper's First Motion to Extend Time to File Amended Habeas Petition. (Doc. 20.) The briefing schedule is amended as follows:

1. Cropper shall file an amended petition no later than **June 23, 2021**. The Court will not consider additional extensions of this deadline absent a showing that the pandemic is preventing the completion of a specific investigative task.
2. Respondents shall file an answer to the amended petition no later than **September 21, 2021**. Respondents are not required to file a response to the petition filed September 25, 2020.
3. Cropper shall file a reply no later than **November 22, 2021**.

4. Cropper shall file any notice of a request for evidentiary development no later than **January 24, 2022**.

5. Respondents shall file a response to any notice no later than **February 23, 2022**.

6. Cropper shall file a reply no later than **March 9, 2022**.

Dated this 24th day of March, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge