**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leroy D. Cropper,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-19-05618-PHX-GMS<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

     Pending before the Court is Petitioner Leroy D. Cropper's Unopposed Motion to Stay Proceedings. (Doc. 64.) Cropper, an Arizona death row inmate, filed an amended habeas corpus petition July 23, 2021. (Docs. 17, 34.) Respondents filed their response on December 17, 2021. (Doc. 48.) Cropper's reply is due May 23, 2022. (*See* Doc. 53.) Cropper moves to stay these proceedings in light of the Supreme Court's grant of a writ of certiorari in *Cruz v. Arizona*, 142 S. Ct. 1412 (U.S. Mar. 28, 2022) (Mem). The parties have agree that Cropper will file his reply within 30 days of the Supreme Court's decision in *Cruz*. (Doc. 64.)

**DISCUSSION**

     "A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva*

1 | *v. Certified Grocers of California*, 593 F.2d 857, 863 (9th Cir. 1979); *see Lockyer v. Mirant
2 | Corp.*, 398 F.3d 1098, 1110–11 (9th Cir. 2005) (explaining that a stay may be appropriate
3 | where the resolution issues in the other proceeding would assist in resolving the proceeding
4 | sought to be stayed).

5 |       In *Cruz*, the United State Supreme Court will consider an issue relevant to Respondents procedural defense to two of Cropper's sentencing-stage habeas claims. The claims allege errors under *Simmons v. South Carolina*, 512 U.S. 154 (1994), which held that when future dangerousness is an issue in a capital sentencing determination, the defendant has a due process right to require that his jury be informed of his ineligibility for parole. In *State v. Cruz*, 251 Ariz. 203 (2021), the Arizona Supreme Court held that *Lynch v. Arizona*, 578 U.S. 613 (2016) (per curiam), which applied *Simmons* to Arizona capital sentencing, did not represent a significant change in Arizona law under Arizona Rule of Criminal Procedure 32.1(g). The United States Supreme Court granted certiorari to consider whether that holding "is an adequate and independent state-law ground for the judgment." *Cruz*, 142 S. Ct. 1412.

      The proceedings in the Supreme Court will bear directly upon sentencing-related issues in Cropper's petition. Therefore, a stay of the deadline for the filing of Cropper's reply brief will further the interests of judicial efficiency and fairness to the parties. *Leyva*, 593 F.2d at 863; *see Lockyer*, 398 F.3d at 1110–11.

      It is not necessary, however, to stay the entire case, as guilt-phase and other claims are unaffected by the proceedings in *Cruz*. The Court expects Cropper to continue to investigate and prepare these claims in anticipation of the reply brief and any requests for evidentiary development.

      Accordingly,

      **IT IS ORDERED denying** Cropper's motion to stay the case. (Doc. 64.)

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED staying** the deadline for the filing of Cropper's reply brief until 30 days after the Supreme Court's decision in *Cruz v. Arizona*, 142 S. Ct. 1412.

Dated this 13th day of May, 2022.

_____
G. Murray Snow
Chief United States District Judge